IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

NORMAN A MCCRARY,

    Plaintiff,

v.                                                        CASE NO. 1:10-cv-00117-MP-AK

TOBACCO-FIRM ARMY, et al,

    Defendants.

_____/

**O R D E R**

Plaintiff brings this cause of action pursuant to 42 U.S.C. §1983 alleging that Defendants, unidentified manufacturers of the pepper spray used at prisons, have committed "silent genocide," and for relief he seeks an order directing them to provide better information about its product. Plaintiff complains that his eyes water when these products are used and there is uncertainty about their long term effects.

These claims are frivolous and fail to state a claim for relief.

Further, Plaintiff has again submitted insufficient papers for leave to proceed in forma pauperis, in that his prisoner consent form is not signed.

Thus, the Court finds that the amended motion for leave to proceed (doc. 12) should be DENIED, and this cause DISMISSED.

A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. *Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed.

2d 652 (1972). However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." <u>Worst v. Hart</u>, 1995 WL 431357, *2 (N.D. Fla. 1995). It cannot be assumed that a Plaintiff will prove facts which have not been alleged. <u>Quality Foods de Centro America</u>, 711 F.2d at 995, *citing* <u>Associated General Contractors of California, Inc. v. California State Council of Carpenters</u>, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983). Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice." <u>Leeds v. Meltz</u>, 85 F.3d 51, 53 (2d Cir. 1996).

The Court is required to dismiss a complaint at any time if it is determined to be frivolous. 28 U.S.C. §1915(e)(2)(B)(I). Typically, a court should serve the complaint and have benefit of the defendant's response before making such a determination, but there are compelling reasons for immediately dismissing frivolous suits by prisoners since they unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources in their defense. <u>Williams v. Secretary for the Department of Corrections</u>, 131 Fed. Appx. 682, 686 (11th Cir. 2005). Dismissal prior to service is also appropriate when the Court determines from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless. <u>Williams</u>, *supra*; <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993).

A successful section 1983 action requires a plaintiff to show he was deprived of a federal right by a person acting under "color of state law." <u>Harvey v. Harvey</u>, 949 F.2d 1127, 1130 (11th Cir. 1992) *citing* <u>Flagg Brothers, Inc. v. Brooks</u>, 436 U.S. 149, 155-56, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). Although private individuals and entities may be held liable under §1983, such persons must be jointly engaged with state officials in the prohibited conduct

to constitute acting under color of state law for purposes of the statute. <u>Adickes v. Kress & Co.</u>, 398 U.S. 144, 152 (1970). Private action may be deemed state action for §1983 purposes only when the challenged conduct may be "fairly attributable to the State." <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922, 937 (1982). To hold that private parties are acting under color of state law pursuant to 42 U.S.C. § 1983, a Plaintiff must prove one of the following three conditions: (1) that the state has coerced or significantly encouraged the parties to violate the Constitution; (2) the private parties performed a public function that was traditionally the exclusive province of the State; or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was joint participant in the enterprise. <u>Rayburn, etc. v. Hogue</u>, 241 F.3d 1341, 1347 (11th Cir. 2001).

  Plaintiff has offered no facts to support a relationship between the manufacturer of the pepper spray and the prison officials. Indeed, Plaintiff has not even adequately identified the manufacturer so that service of process could be achieved even if the Court were to find that the complaint should be served. He has not asserted any injuries and seeks no damages. Obviously, Plaintiff is not serious about his claims and the Court should not expend any further effort in processing this case. Accordingly, it is

  **ORDERED AND ADJUDGED:**

  1. Plaintiff's Amended Motion for Leave (doc. 12) is DENIED.

  2. This cause is DISMISSED as frivolous and the Clerk should note on the docket that this dismissal constitutes a strike within the meaning of 28 U.S.C. §1915(g).

  **DONE AND ORDERED** this __12th__ day of August, 2010

        *s/Maurice M. Paul*
        Maurice M. Paul, Senior District Judge